**STATE of Vermont v. Nancy Ellen FLYNN**

[674 A.2d 792]

No. 95-098

February 2, 1996. In this driving while under the influence (DUI) civil suspension, the State appeals a judgment for defendant. We reverse.

Officer Gerald Cote witnessed defendant drive through an intersection controlled by a stop sign, which the parties agree was illegally located. The parties also agree that 23 V.S.A. § 1021(b) applied to defendant's failure to stop. Section 1021(b) states:

No provision of this chapter for which signs are required

may be enforced if at the time and place of the alleged violation an official sign is not in approximately proper position and sufficiently legible to be seen by an ordinarily observant person. . . .

After apprehending defendant, the officer detected alcohol on defendant's breath and processed her for DUI. The district court ruled the stop was illegal because of the wrong placement of the stop sign, which was on a barrel in the middle of the intersection. Accordingly, judgment was entered for defendant.

The officer's stop of defendant was valid if he had a reasonable suspicion that defendant had violated 23 V.S.A. § 1048(b) (driver approaching stop sign shall stop). This case is governed by *State v. Ryea*, 153 Vt. 451, 571 A.2d 674 (1990), and *State v. Lanoue*, 156 Vt. 35, 587 A.2d 405 (1991). In both *Ryea* and *Lanoue*, the Court upheld a stop where the officer mistakenly thought defendant was operating with a suspended license. We concluded that, where an officer makes a stop based on suspicion which is reasonable at the time, a later determination that the factual basis for the suspicion was inaccurate will not invalidate the stop. *Lanoue*, 156 Vt. at 36, 587 A.2d at 406; *Ryea*, 153 Vt. at 454, 571 A.2d at 676.

*Reversed.*